**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GLENN MORRON and WILLIAM HERTLER, Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 3:05-CV-1705(JCH) |
| CITY OF MIDDLETOWN, ET AL., Defendants. | : | MAY 23, 2006 |

**RULING ON DEFENDANT'S MOTION TO DISMISS [DOC. NO. 25] AND PLAINTIFFS' VOLUNTARY DISMISSAL OF COUNT V [DOC. NO. 37]**

The plaintiffs, Glenn Morron and William Hertler, bring this action pursuant to 42 U.S.C. § 1983, asserting, inter alia, that the defendants, the City of Middletown, Domenique Thornton, Edward Brymer, Philip Pessina, David Gervais, Donald Anderson, and Michael Timbro, each of whom are sued in their individual and official capacities, violated Morron's and Hertler's rights under the First and Fourteenth Amendments to the United States Constitution. Morron and Hertler's Complaint also asserts several claims under Connecticut law against the defendants.

Timbro has moved to dismiss Count V of Morron and Hertler's Complaint, which asserts a claim for malicious prosecution against Timbro. Morron and Hertler have not opposed Timbro's motion to dismiss, but instead have instead filed, pursuant to Fed.R.Civ.P. 41(a)(1), a "Voluntary Dismissal of Count Five of the Amended Complaint Without Prejudice." Timbro has objected to Morron and Hertler's voluntary dismissal, arguing that he is entitled to have his motion to dismiss decided on its merits.

Fed.R.Civ.P. 41(a)(1) provides that,

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed.R.Civ.P. 41(a)(1). Timbro argues that Morron and Hertler are not entitled to voluntarily dismiss Count V without prejudice, as Rule 41(a)(1) only provides for the voluntary dismissal of actions in their entirety and not individual causes of action.[1] In Harvey Aluminum v. American Cyanamid Co., 203 F.2d 105, 108 (2d Cir. 1953), the Second Circuit held, based upon a literal reading of Rule 41(a)(1), that Rule 41(a)(1) only permitted the dismissal of complete actions and not individual claims against particular parties. As several district courts within the Second Circuit have noted, however, this holding is the minority view among Courts of Appeals, and the Second Circuit, in Wakefield v. Northern Telecom, Inc., 769 F2.d 109, 114 n. 4 (2d Cir. 1985)

---

[1]Timbro cites for support to Rabbi Jacob Joseph School v. Province of Mendoza, 425 F.3d 207 (2d Cir. 2005) for the proposition that the plaintiffs are attempting an "end run around the final judgment rule." Def's Objection [Doc. No. 41], p. 2. Rabbi Jacob Joseph is inapposite to the instant matter, however, as it addressed whether the Second Circuit had appellate jurisdiction, under the 'final decision rule" of 28 U.S.C. § 129, over a case in which a claim had been dismissed without prejudice. 425 F.3d at 211. The effect of the plaintiffs' action in voluntarily dismissing a claim without prejudice on the parties' potential ability to appeal a ruling of this court in relation to this case is not currently at issue.

In addition, Timbro suggests that the court should decline to exercise jurisdiction over Count V if it were to find that it had no basis for jurisdiction other than supplemental jurisdiction under 28 U.S.C. § 1367. Morron and Hertler have asserted, in their complaint, a federal cause of action against all of the defendants. The court, therefore, has original jurisdiction over Morron's and Hertler's action under 28 U.S.C. 1331. It also finds that none of the factors articulated in 28 U.S.C. § 1367 counsel in favor of declining jurisdiction over Morron's and Herter's state law claims at this time.

appeared to have disavowed the holding of Harvey Aluminum without formerly overruling it. See Guigliano v. Danbury Hospital, 396 F.Supp.2d 220, 224 (D.Conn. 2005); Baksh v. James Captain & Citibank, N.A., 85-3013, 85-7135, 2000 WL 33177209, at *2 (E.D.N.Y. Dec 11, 2000); Mut. Benefit Life Ins. Co. v. Carol Mgt. Corp., 93 Civ. 7991 (LAP), 1994 WL 570154, at * 1 (S.D.N.Y. Oct. 13, 1994); see also 9 Wright & Miller, Federal Practice and Procedure § 2362 (2005)("Although some other courts followed the Second Circuit, the sounder view and the weight of the judicial authority are to the contrary."). The district court in Guigliano noted that, "[a]s a result, district courts have declined to view [Harvey Aluminum] as binding, even though it has not been explicitly overruled." 396 F.Supp.2d at 224. The court agrees with the reasoning of the district court in Guigliano that, under Rule 41(a)(1), where a party has not yet served an answer or a motion for summary judgment, a plaintiff has the unilateral right to dismiss an action against a particular defendant.

The court notes that, in Guigliano and Mutual Benefit, the plaintiff in each case sought to voluntarily dismiss all of the claims against a particular defendant, thus dismissing that defendant from the case entirely. See id.; 1994 WL 570154 at *1. Here, Morron and Hertler only seek to dismiss a particular claim against Timbro, and not the entire action against him. Several courts in other circuits have held that Fed.R.Civ.P. 15, rather than Rule 41(a)(1), is the appropriate device through which a plaintiff can dismiss particular claims against a defendant where it does not seek to dismiss the action against that defendant entirely. See, e.g., Gobbo Farms & Orchards v. Poole Chemical Co., Inc., 81 F.3d 122, 123 (10th Cir. 1996); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988); see also also 9 Wright & Miller,

Federal Practice and Procedure § 2362 (2005 Supplement)("[W]hen multiple claims are filed against a single defendant, Rule 41(a) applies only to the dismissal of all claims in an action. A plaintiff who wished to drop some claims but not others should do so by amending his complaint pursuant to Rule 15."). In Wakefield, however, the Second Circuit declined to determine whether a question regarding the dismissal of certain claims without prejudice arose under Fed.R.Civ.P. 15 or 41(a), noting that "a district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." 769 F.2d at 114 n.4.

As no answer or motion for summary judgment have been served by Timbro, Morron's and Herter's voluntary dismissal of Count V have fulfilled the necessary criteria of Rule 41(a)(1). To the extent that Morron's and Herter's dismissal is properly brought under Rule 41(a)(1), Count V of the Complaint has been dismissed without prejudice. Alternatively, the court construes Morron's and Hertler's voluntary dismissal of Count V as having been made pursuant to Rule 15. As no responsive pleading has been served by Timbro, the court finds that Morron's and Hertler's dismissal of Count V is without prejudice.

Accordingly, Timbro's motion to dismiss [Doc. No. 25] is DENIED as moot.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of May, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge